the curtesy right (as amended by statute) was intended to grant.[8]

 Our courts have apparently assumed that no such duplicative right exists. Since Catherine Stoop, after the July 23rd order, held nothing other than the interest vested in her while she was a tenant by the entirety, Joseph Stoop possessed no interest in her property.

Counsel for Mrs. Stoop should present an order in conformity with this opinion pursuant to *R.* 4:42–1.

SEA WATCH, INC., A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF, v. BOROUGH OF MANASQUAN, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT.

Superior Court of New Jersey
Law Division Monmouth County

Decided November 6, 1980.

---

[8]By way of close analogy, note the Senate Judiciary Committee statement accompanying the bill to abolish dower and curtesy. "The committee amendments are intended to emphasize that the rights of dower and curtesy are abolished only as to estates to which surviving spouses have a right to an elective share." The elective share is a third route taken for the protection of a surviving spouse. The Legislature makes clear it lifts the dower and curtesy protection only because it is redundant.

*Brian T. Kennedy* for plaintiff (*Kennedy & Brennan*, attorneys).

*Kenneth B. Fitzsimmons* for defendant (*Sim, Sinn, Gunning & Fitzsimmons*, attorneys).

SHEBELL, A. J. S. C.

Plaintiff filed an action in lieu of prerogative writs attacking the validity of a portion of Ordinance 1160 of the Borough of Manasquan. The portion under attack provides that

> Each and every person clad in bathing attire using the dedicated beachfront, *public walk*, bathing beaches and bathing and recreational facilities ... shall before using the same and before entering upon the same, register with the duly authorized agents of the Borough employed for that purpose.... [Emphasis supplied]

This ordinance, together with the ordinance which it amended, had the effect of prohibiting any adult from using the public walkway along the municipal beach unless they registered and paid for a municipal beach badge if they chose to be "clad in bathing attire."

The walkway in question replaced what was formerly a boardwalk which was destroyed by a storm. It is a macadam or

blacktop surface which extends the length of the beach owned by the borough. The history of the acquisition of the beach and the covenants in the deeds as they relate to public use and purposes, including the requirement of the construction of the boardwalk, is rendered relatively unimportant by reason of the well established public trust doctrine. *Neptune City v. Avon-by-the-Sea*, 61 *N.J.* 296 (1972).

The Supreme Court in *Van Ness v. Deal*, 78 *N.J.* 174 (1978), in referring to the *Avon* case, stated:

> We said and we meant that, in New Jersey, a proper application of the Public Trust Doctrine requires that the municipally owned upland sand area adjacent to the tidal waters must be open to all on equal terms and without preference. [at 179]

That is not to say that in the exercise of its police power the municipality cannot adopt reasonable regulations for the use and enjoyment of such lands, and charge reasonable fees for revenue purposes. *Neptune City v. Avon*, 114 *N.J.Super.* 115 (Law Div.1971); *N.J.S.A.* 40:92–7.1 and *N.J.S.A.* 40:61–22.20.

There is no attempt to uphold the requirement of a beach badge as a condition for use of the walkway on any other basis than as a means of facilitating the collection of the fee for use of the bathing beach. The borough feels bound by deed restriction which would appear to prohibit the erection of any formidable fence east of the walkway. The borough has thus chosen to keep all persons clad in bathing attire from entering onto the walkway without payment of the fee at a point where the intersecting east-west streets terminate at the north-south walkway in question.

Plaintiff owns 200 feet of commercial bathing beach adjacent to the municipal beach and maintains that its customers and all persons should have access to the walkway without having to purchase a beach badge. Defendant, however, contends that the walkway is merely an accessory type of convenience to the use of its beach and that since it owns the land under the walkway

it can prohibit the general public from use of the walkway as it sees fit.

The borough's contention that the walkway is merely a convenience or accessory for the use of its beach operation is without basis in fact or in law. The construction of the original boardwalk and thereafter the macadam walkway was for general public and recreational purposes. The public trust doctrine also dictates the same general purposes for such a facility, whether it be natural or man-made. *Van Ness v. Deal, supra.* While the facility is not a necessary or basic accommodation such as was involved in the case of *Hyland v. Allenhurst,* 78 *N.J.* 190 (1978), nonetheless there is sufficient reason, considering the geographical location and desirability of the area and walkway in question for recreational and access purposes, to judicially mandate that any restriction of the public use of the walkway be subject only to the most reasonable and unarbitrary exercise of municipal power and authority.

The Borough of Manasquan has not exercised the necessary restraint and has unreasonably interfered with the right of the public to enjoy the use of the walkway without sufficient cause. There are several alternate means of collecting fees and enforcing the beach badge requirement for persons using the bathing beach without keeping bathing-attired persons from using the walkway. The use of a rope or similar means to delineate a certain area where persons crossing from the walkway to use the beach without paying could be observed might suffice. A sweep of the beach to spot persons without badges would also be productive. The borough might also choose to bring a legal action to have the restriction against the erection of a fence set aside as being an unreasonable restriction in light of the present-day use of the public beach and facilities.

Those provisions of Ordinance 1160 prohibiting persons clad in bathing attire from using the walkway without a municipal beach badge are void and unenforceable, and judgment shall be entered accordingly.