SEA WATCH, INC., A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. BOROUGH OF MANASQUAN, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued February 2, 1982—Decided July 30, 1982.

26

28

Before Judges FRITZ, ARD and TRAUTWEIN.

*Steven A. Pardes* argued the cause for appellant (*Sim, Sinn, Gunning & Fitzsimmons,* attorneys; *Kenneth B. Fitzsimmons* of counsel; *Steven A. Pardes* on the letter brief).

*Brian T. Kennedy* argued the cause for respondent (*Kennedy, Neff & Daniel,* attorneys; *H. Alton Neff* on the letter brief).

The opinion of the court was delivered by

FRITZ, P. J. A. D.

Defendant Borough of Manasquan enacted Ordinance 1160, amending the ordinance governing the use of its dedicated beach front, in order to make clear that which might have been implicit in the prior ordinance—that persons using the macadam walkway on the dedicated property while clad in bathing attire would be subjected to the same conditions as those using the sand and water, to wit, liability for a beach badge for which there was a monetary charge. Plaintiff challenged this ordinance. The trial judge sustained the challenge and declared certain provisions of the amendment "void and unenforceable." *Sea Watch, Inc. v. Manasquan,* 177 *N.J.Super.* 199, 202 (Law Div.1980). We now reverse.

Whatever else there is to be said respecting the motivation for the enactment of this ordinance and the propriety thereof, of which we will say more later, it is abundantly clear that this

lawsuit represents an attempt to defend parochial interests on the part of both parties. Concededly, Manasquan is attempting to protect the integrity of the program designed according to law to provide beach front facilities and finance them. Sea Watch, with no less candor, is concerned for its ability to attract paying customers to its private beach if the customers cannot leave that beach except by way of the borough streets to the west. It would appear from the record before us that if the present challenge is to any degree valid, its incipiency should have been apparent for many years. We have no doubt that its fulmination has been produced by the fact that Sea Watch has heretofore rented its private property to the borough, but in 1980, the year of the amendment and the year of the complaint and order to show cause which initiated this action, Sea Watch determined to operate that property itself by issuing its own badges and levying its own charge.

Defendant's beach front property is separated from private property to its west by a fixed and known demarcation referred to as the "monumented beachfront line." It is also interrupted in its north-south stretch by the property of plaintiff, a parcel of private beach 200 feet wide. Defendant has chosen to construct a macadam walkway along the westerly side of its property from plaintiff's property southerly to the inlet, parallel to the monumented beach front line but east of it and entirely on defendant's property. Ordinance 1160 makes it clear that for persons to use that walkway while clad in bathing attire they must purchase a municipal beach badge. It is the contention of the borough that this is a necessary regulation in order to enforce the requirement that beach badges be worn for utilization of the municipal beach. They eschew the erection of a fence between the walkway and the immediately contiguous sand as being prohibited by a condition in a deed of dedication which enjoins the erection of a handrail except where required for safety purposes and the erection of a fence unless required for safety or bathing purposes, but contend, in any event, that in the municipal judgment the means selected in this ordinance are

the most effective and necessary means for policing the beach. Sea Watch, on the other hand, complains that it will be unable to sell badges for the use of its private facility if its patrons who are clad in bathing attire must take to the borough streets to get to southerly places, including an amusement area. They contend, reasonably enough, that no one will purchase two badges in order to swim on the beach and enjoy the other pleasures offered by the Borough of Manasquan when they could do this with one borough badge.

Plaintiff's attack, reduced to its simplest legal terms by virtue of the issues as framed in the pretrial order, first challenged the enactment as being an "overly broad exercise of the police power." It insisted as well that the deed of dedication to the borough carried with it the right of the general public to use this walkway free of restrictions and insisted that members of the general public are third-party beneficiaries with respect to a deed from Seacoast Real Estate Company to the Borough of Manasquan, dated September 8, 1914, conveying property "for public purposes and for a place of resort for, public health and recreation" which required the construction "on said strip of land a boardwalk at least one thousand feet long." Finally, plaintiff charged defendant with bad faith in the passage of Ordinance 1160, asserting that this was done "with the direct purpose of obstructing the plaintiff in the operation of its business." The trial judge decided the matter by reference to and whole reliance on "the well established public trust doctrine." 177 *N.J.Super.* at 201. He did not deal with the issues of the case as they were raised in the pretrial order, commenting that the public trust doctrine "rendered relatively unimportant" the "history of the acquisition of the beach and the covenants in the deeds as they relate to public use and purposes, including the requirement of the construction of the boardwalk." *Ibid.*

■ We are of the opinion that the matter has nothing whatsoever to do with the public trust doctrine. The simple question involved is whether a municipality is deprived of its

statutory right to charge a reasonable fee in connection with the use of municipally-owned beach front property because it has chosen to build a walkway on a portion of the beach. Not only do we think this question must be answered in the negative, but are satisfied that the statute specifically provides for the situation.

*N.J.S.A.* 40:61–22.20 provides that a governing body of a municipality may exercise "exclusive control, government and care . . . of any boardwalk, bathing and recreational facilities, safeguards and equipment" on lands bordering on the ocean which it owns, and toward this end "may, in order to provide funds to improve, maintain and police the same . . . provide for the charging and collecting of reasonable fees for the registration of persons using said lands and bathing facilities, for access to the beach and bathing and recreational grounds so provided and for the use of the bathing and recreational facilities."[1] If the municipality may charge for use of the beach—and "plaintiff does not question the authority of the Borough of Manasquan to pass along to beach users through the imposition of reasonable beach fees, the cost of maintaining and operating the beach"—we can conceive of no reason why it should be prohibited from exercising this privilege because it has chosen to erect a macadam walkway on a portion of that beach for the benefit of those who are paying for the privilege of using the beach and thereby supporting the cost of its maintenance and the maintenance of the walkway. Fundamental to this proposition is an acknowledgement that this walkway is not a public street. It is not now, and there is no reason from the record to suspect that it has ever been, dedicated to the general public as distinguished from the public for whom the beach has been made available,

---

[1]The statute conditions this permission against the charging of fees to children under 12. Manasquan prides itself on the fact that it is more generous than the statute and does not charge for children under the age of 14.

*i.e.,* those who are willing to support it by the purchase of a badge through the payment of a fee.

This does no offense at all to the public trust doctrine as it appears stated in *Van Ness v. Deal,* 78 *N.J.* 174 (1978). There we are told that a proper application of that doctrine requires an openness of the municipal beaches "to all on equal terms and without preference." *Id.* at 179. There is no suggestion in this case that this walkway is not available to all on equal terms. Indeed, it might be argued that were plaintiff to succeed, its patrons and perhaps the portion of the public that did not purchase a Manasquan beach badge would be in the position of being preferred to those who did, since the former could use the beach on which the walkway was constructed without contributing to its support as required of those using other portions of the same beach.

Nor is *Hyland v. Allenhurst,* 78 *N.J.* 190 (1978) apposite. In that case the municipality denied the users of its public beaches access to basic accommodations necessary to enjoyment of the beach. No one with a Manasquan beach badge has been or will be denied use of the walkway in question.

Ordinarily in matters in which the trial judge has not determined issues fairly posited by a party and the determination below is reversed, we remand for a determination of the remaining issues by the trial judge. However, in the matter before us we believe the public interest will best be served by the exercise of our original jurisdiction according to *R.* 2:10–5 and the complete determination of the matter.

▇ We turn first to the assertion that this is an "overly broad exercise of the police power." Plaintiff at the pretrial conference assented to the formulation of this issue in other terms as well: "Is there a more reasonable method of checking or controlling those persons using the beaches to determine whether or not they have a municipal beach badge . . . ?" So long as the ordinance is reasonable, that is, not arbitrary, the

existence of "a more reasonable" ordinance is irrelevant. As we said in *Lehrhaupt v. Flynn,* 140 *N.J.Super.* 250, 266 (App.Div. 1976), aff'd o.b. 75 *N.J.* 459 (1978), "We cannot be concerned with the wisdom of the legislation. Nor may we substitute our judgment for that of the legislative authority." We suggest that this may be one error into which the trial judge fell. He offered a number of alternatives which might have been employed by the borough to accomplish its announced object of keeping from the sand and ocean those who had not paid for a beach badge. To the extent that alternatives serve to test the reasonableness *vel non* of the means employed, the alternatives are worthy of consideration. When, however, as we believe the situation to be here, there is no demonstration of unreasonableness, the fact of alternatives is wholly irrelevant to our inquiry.

Beyond the absence of a showing on the record before us that the method employed is anything more unreasonable than an inconvenience (albeit a major one) to plaintiff's patrons and potential patrons, the fact remains that the ordinance is entitled to a presumption of validity, which presumption "may be overcome only by a clear showing that the local ordinance is arbitrary or unreasonable." *Quick Chek Food Stores v. Springfield Tp.,* 83 *N.J.* 438, 447 (1980). There has been no such showing here. The fact of the matter is that unrebutted evidence in the case demonstrates that the walkway prohibition now memorialized in Ordinance 1160 has been enforced for a long time under the ordinance which 1160 amends. We have long recognized that what is needed for effective enforcement of a measure reasonably deemed essential to the proper operation of local government within its statutory sphere of authority is a matter for consideration of the municipal law making body. *Reingold v. Harper,* 6 *N.J.* 182, 197 (1951). If any state of facts may reasonably be conceived to justify the ordinance, it will not be set aside, *Quick Chek Food Stores v. Springfield Tp., supra,* at 447, for, "The judiciary will not evaluate the weight of the

evidence for and against the enactment nor review the wisdom of any determination of policy which the legislative body might have made." *Hutton Pk. Gardens v. West Orange,* 68 *N.J.* 543, 565 (1975).

■ Such considerations also make irrelevant the matter of whether the deed or deeds of dedication restricted the use of fences. For the reasons just stated, it is enough if the municipal government chose, as a matter of policy, convenience or necessity, not to use fences irrespective of the existence of any prohibition against them.

■ As to plaintiff's complaint that the 1914 deed carried with it the right of the general public to use the boardwalk, we say only that clearly by its terms it did not not distinguish the walkway provided for from the beach. If the municipality has the right to charge for the beach—as plaintiff concedes it does—the charge for use of the walkway does not at all diminish the public purpose condition attached to the deed in question.

■ Finally, we find no evidence at all in the record of any "bad faith" by the municipality in the enactment of Ordinance 1160. We have no doubt that it was designed to keep from the beach people who have not paid for the municipal beach badges. As we have tried to point out at some length, there is nothing the matter with this. If this also inconveniences and restricts members of that class who did not purchase beach badges found among plaintiff's patrons or potential patrons, the fact may be unfortunate and the protestations understandable. But without more hard evidence of invidious purpose, that fact constitutes no demonstration at all of "bad faith."

We reverse the judgment below, reinstate the municipal ordinance and return the matter for the entry of judgment in favor of defendant.